**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, AND PAUL A. MACDONALD, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR**

**VS.** **C.A. No. 05-129-ML**

**D'ALLESANDRO TRUCKING, INC.**

# ANSWER

Now comes the Defendant, D'Allesandro Trucking, Inc., and responds to the allegations of the Complaint as follows:

## Introduction

1. Defendant admits that this is an action to compel payment of contributions, interest and penalties to an employee welfare benefit plan pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., but denies that the Plaintiff is entitled to any such relief. Defendant further admits that the Complaint seeks equitable relief as stated in the second sentence of Paragraph 1 of the Complaint, but denies that Plaintiffs are entitled to such relief and further avers that Defendant has permitted an examination and audit of its records to the Plaintiff.

2. The allegations of Paragraph 2 state a legal conclusion to which no response is required.

3. The Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore denies the same.

4. The Defendant admits the allegations of Paragraph 4 of the Complaint.

5. The allegations of Paragraph 5 state a legal conclusion to which no response is required.

## Facts

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. The Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies the same.

9. Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore denies the same.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

**Count I**

11. Defendant hereby incorporates by reference Paragraphs 1 through 10 of this Answer as if set forth herein.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. The Defendant denies the allegations of Paragraph 13 of the Complaint.

**Count II**

14. Defendant hereby incorporates by reference Paragraphs 1-13 of this Answer as if set forth herein.

15a. Defendant denies the allegations contained in Paragraph 15a of the Complaint.

15b. Defendant denies the allegations contained in Paragraph 15b of the Complaint.

15c. Defendant denies the allegations contained in Paragraph 15c of the Complaint.

16. The Defendant denies the allegations of Paragraph 16 of the Complaint.

**Affirmative Defenses**

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiffs' claims are estopped by their own actions and conduct.

3. The Plaintiffs' claims are barred by the doctrine of laches.

4. The Defendant is entitled to attorneys' fees as the Complaint was filed in bad faith since the Plaintiffs failed to undertake a reasonable investigation of the facts upon which the Complaint is based.

WHEREFORE, Defendant, D'Allesandro Trucking, Inc., respectfully requests that this Honorable Court deny the relief requested in the Complaint, award it costs and attorneys' fees incurred in defending this action and such other relief as this Court deems just and proper.

D'ALLESANDRO TRUCKING, INC.
By its Attorney,

Daniel K. Kinder /GHM

Daniel K. Kinder #2151
Little Medeiros Kinder Bulman & Whitney PC
72 Pine Street
Providence, RI 02903
(401) 272-8080
(401) 272-8195-FAX

August 9, 2005

**CERTIFICATION**

I hereby certify that on the 9th day of August, 2005, I have caused a copy of the within Answer to be mailed, by First Class mail, postage prepaid to: Marc Gursky and Elizabeth Wiens, Gursky Law Associates, 420 Scrabbletown Road, Ste. C, North Kingstown, RI 02852.

Marianne Gaboriault

O:\DKK\D'Allesandro\Ans to Comp.doc